

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2005

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3871

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chen v. Atty Gen USA" (2005). *2005 Decisions.* Paper 389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-3871

MIN RONG CHEN;

Petitioner

v.

*ALBERTO GONZALES, Attorney General
of the United States,

Respondent

*(Amended pursuant to Rule 43(c), Fed. R. App. P.)

ON PETITION FOR REVIEW OF AN ORDER OF THE
BOARD OF IMMIGRATION APPEALS

(No. A77-571-932)

Submitted pursuant to LAR 34.1(a)
September 29, 2005

Before: ALITO and AMBRO, <u>Circuit Judges</u>, and RESTANI,* <u>Chief Judge</u>,
United States Court of International Trade

(Opinion Filed: October 18, 2005)

---

\*     Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

OPINION OF THE COURT

PER CURIAM:

Min Rong Chen, a native and citizen of China, seeks review of a final order of removal issued by the Board of Immigration Appeals ("BIA"). The BIA affirmed without opinion an Immigration Judge's ("IJ") denial of Chen's applications for asylum, withholding of removal, and protection under the Convention Against Torture. As we write only for the parties, we do not state the facts separately. We deny the petition because substantial evidence supports the agency's decision.

I.

Where, as here, the BIA affirms without opinion, we review the IJ's decision. See 8 C.F.R. § 1003.1(e)(4); Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). We must uphold the IJ's findings of fact, including an adverse credibility determination, "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004). Though this standard is deferential, the IJ still must identify the "inconsistent statements, contradictory evidence," or inherently improbable testimony that supports the adverse credibility determination. Cao v. Attorney General, 407 F.3d 146, 152 (3d Cir. 2005).

"Aliens have the burden of supporting their asylum claims through credible

testimony." Gao v. Ashcroft, 299 F.3d 266, 272 (3d Cir. 2002). The failure to do so will "doom" the application. Dia, 353 F.3d at 247.

## II.

Chen first contends that the IJ failed to make an explicit adverse credibility determination. If the IJ failed to express her disbelief "with such clarity as to be understandable," then we must assume Chen was credible for purposes of this petition. See SEC v. Chenery Corp., 332 U.S. 194, 196-97 (1947); Lusingo v. Gonzales, 420 F.3d 193, 197 n. 5 (3d Cir. 2005); see also Iao v. Gonzales, 400 F.3d 530, 534 (7th Cir. 2005) (expressing displeasure with some IJs' "[r]eluctance to make clean determinations of credibility").

In her oral decision, the IJ pointed out several discrepancies between Chen's testimony and the account of her purported husband. The IJ stated that Chen's description of her husband's flight from China so differed from his own account that it was "as if [she was] looking at two separate people." App. 14.[2] The IJ then continued:

> Because the testimony of the respondent is so different from the testimony or the information provided by her husband, again the Court cannot find that these two individuals are married, however, even if the court were to accept the fact that the respondent is married to this other individual, Yu Xiang Zheng, the Court is certainly not convinced that the respondent, in this case, underwent a forced abortion.

App. 16. Although a plainer statement was surely possible, we view this as a sufficiently

---

[2]Citations to "App." refer to the Petitioner's Appendix. "A.R." indicates the Certified Administrative Record.

3

clear articulation of the IJ's disbelief. We therefore conclude that the IJ made an adverse credibility determination.

## III.

Alternatively, Chen argues that the credibility determination cannot withstand scrutiny under our deferential standard of review. We disagree. Chen testified that she married Yu Xiang Zheng in 1993, became pregnant, and suffered a forced abortion at the hands of the Chinese government. A.R. 111-13. She then became pregnant a second time, and the authorities told Chen they would sterilize her after the birth. When Zheng protested, a government official beat him with a stick and threatened arrest. A.R. 114-18. He then, according to Chen's account, went into hiding and made his way to the United States. A.R. 118. Zheng's own asylum application contradicts this testimony. In it, Zheng stated that he fled China due to persecution suffered solely on account of his opposition to the Tiananmen Square massacre. A.R. 158-61. In his initial interview, he claimed that he was unmarried. A.R. 166. This contradictory evidence involves matters central to Chen's claim and provides substantial evidence to support the IJ's adverse credibility determination. See Cao, 407 F.3d at 152; Zheng, 417 F.3d at 381.

Without credible testimony, Chen cannot establish past persecution. See Gao, 299 F.3d at 272. Nonetheless, she further contends that the background evidence on country conditions itself establishes a well-founded fear of persecution due to the birth of her second child in the United States. We conclude that nothing in the background evidence

compels such a finding. Accordingly, we uphold the IJ's denial of asylum.

IV.

Because Chen failed to establish her eligibility for asylum, it follows that she failed to satisfy the higher standard for withholding of removal. See Lukwago v. Ashcroft, 329 F.3d 157, 182 (3d Cir. 2003). We also believe that a reasonable factfinder could conclude that Chen failed to show a likelihood of torture upon her return to China. See id. at 182-83. We therefore uphold the IJ's denial of her claim for protection under the Convention Against Torture.

V.

For these reasons, the petition for review is denied.